IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LISA WATSON,

    PLAINTIFF,

v.                                             CASE NO.: 3:22-cv-

TEEN CHALLENGE OF
FLORIDA, INC.,

    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Lisa Watson, (hereinafter referred to as the "Plaintiff" or "Watson"), by and through his undersigned attorney, sues the Defendant, Teen Challenge of Florida, Inc., (hereinafter referred to as the "Defendant" or "Teen Challenge"), and alleges as follows:

INTRODUCTION

1.  Plaintiff brings this action for disability discrimination, retaliation under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; and religious discrimination, retaliation and hostile work environment under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) (emphasis supplied).

1

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On June 17, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202129907) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100641). On December 14, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the

EEOC which was received on March 21, 2022.

## PARTIES

7. Plaintiff is a citizen of the State of Florida and a resident of Santa Rosa County.

8. Defendant, Teen Challenge of Florida, Inc., is a faith based 501c(3) charitable nonprofit organization centered around drug and alcohol recovery. Defendant's business is located in Pensacola, FL, and is a company which is licensed to do and does business in the State of Florida and Escambia County.

## GENERAL FACTS

9. Defendant is clearly and unapologetically a Christian organization.

10. The biggest difference between Defendant and a traditional addiction recovery program is that Defendant's program is focused on Christianity.

11. Defendant calls this the "Jesus Factor".

12. Defendant provides a faith-based environment to encourage healing and a new life in Christ where Biblical teachings are installed into the daily routines of the participants in the program, who are called students.

13. Defendant's mission is to help students find freedom from addiction and other life-controlling issues through Christ-centered solutions such as discipleship, mentoring and life skills training.

14. To support the Defendant's recovery centers, Defendant operates a

number of thrift stores. The stores are stocked with donated items such as clothing and furniture, and 100% of proceeds from thrift store sales go to support Defendant's addiction rehabilitation programs.

15. The thrift stores are staffed by a mixture of Teen Challenge students whose work is part of their addicting recovery program as well as "regular" employees.

16. Some of the regular employees are former students who have "graduated" from a Teen Challenge recovery program.

17. Defendant maintains a policy in its employee handbook that prohibits discrimination, harassment, or retaliation in the workplace.

18. Plaintiff is a 48-year-old Caucasian female.

19. Plaintiff began working for Defendant as a Donation Processor, wherein her main role was in processing donations that thrift stores received form the community.

20. In May of 2020, Plaintiff received a promotion to a Backroom Lead, wherein she worked under the direction of the Store Manager and helped lead the backroom workers in their tasks.

21. In September of 2020, Plaintiff received another promotion to a Donor Relations and Development position, wherein her primary role was to source and secure donations of goods to be sold in the thrift stores.

22. Working in Donor Relations and Development, Plaintiff reported to Aleatha LaRue, the Donor Acquisitions Manager for the thrift stores.

23. During Plaintiff's employment, Plaintiff performed the duties and responsibilities of her positions in a satisfactory manner.

24. Plaintiff suffers from anxiety, bipolar disorder and panic attacks.

25. Defendant knew about Plaintiff's disabilities.

26. Plaintiff's co-workers would make comments about her disabilities, including calling her special needs, and would make fun of how she acted when she was having a panic attack.

27. Plaintiff's store manager repeatedly question if she was on the correct medication and/or doses and harassed her for proof of correct dosages from her doctors, all the while making fun of her because of her disabilities.

28. While Plaintiff was working as the Donor Relations and Development, her manager, Aleatha LaRue, also made inappropriate comments about her disabilities.

29. Ms. LaRue knew Plaintiff suffered with bipolar, depression and anxiety, yet she chastised Plaintiff about her disabilities under the auspices of professional development and performance counseling.

30. Ms. LaRue even sent Plaintiff an e-mail with a list of frank, stern and specific counseling regarding some of her shortcomings that she needed to share

with her therapist.

31. Plaintiff objected and told Ms. LaRue that she did not believe that the comments about her shortcomings were inappropriate and humiliating.

32. In December 2020, Plaintiff elevated her complaints to Defendant's HR department and was then told in short that the issues were her fault and that she had thirty (30) days to get her act together.

33. Approximately thirty (30) days after having reported her complaints to HR, Plaintiff was demoted back down to a donations processor and placed in a local thrift store under store manager, Mike Ladner's supervision.

34. It was company policy that employees talk about their challenges and ask for prayer to help with those challenges.

35. When Plaintiff attempted to talk about her challenges, she was prohibited from asking for prayer or discussing her issues or acknowledge that she was taking medication for her disabilities.

36. All the other employees and students were allowed to address their issues in group discussions and seek prayer for their problems and issues except Plaintiff.

37. Defendant's reason for denying Plaintiff the opportunity to share like the others or asking for prayer, was that with her being on medication meant that God had not delivered her from her disabilities, and that implied that God could

not deliver them (other employees or students) from their problems and issues.

38. Plaintiff asked her new store manager, Mike Ladner, about whom she could speak with about this and the company's continued practice of humiliation and discrimination of her.

39. Mr. Ladner told Plaintiff that he could treat her however he liked, including terminate her because of her disability or religion.

40. Within a month of being demoted back down to a donations processor and reassigned to a local thrift store location, Plaintiff's employment was terminated by Defendant on February 28, 2021.

## FIRST CAUSE OF ACTION
*(DISABILITY DISCRIMINATION -AMERICANS WITH DISABILITIES ACT, (ADA))*

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

42. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

43. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities

Act, (ADA), as the Defendant employed more than fifteen (15) employees.

44. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

45. Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability.

46. Plaintiff suffers from anxiety, bipolar disorder and panic attacks.

47. Plaintiff's anxiety, bipolar disorder and panic attacks can cause fatigue and difficulty sleeping.

48. Bipolar disorder is a mental health condition that causes extreme mood swings that include emotional highs (mania or hypomania) and lows (depression) and can affect major life functions of sleep, energy, activity, judgment, behavior and the ability to think clearly.

49. Plaintiff's anxiety, bipolar disorder and panic attacks are impairments and disabilities within the meaning of the ADA as they substantially limit Plaintiff's ability to perform major life activities as compared to most people in the general population.

50. Upon learning of Plaintiff's disabilities Defendant discriminated against Plaintiff and treated her differently than her non-disabled co-workers.

51. Defendant's termination and disqualification of Plaintiff's employment on February 28, 2021, on the basis of her disability violated the ADA.

52. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

53. The adverse personnel action, the termination of Plaintiff's employment, clearly violated her statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act (ADA).

54. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from her unlawful discharge.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA))*

55. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

56. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts of discrimination.

57. Defendant terminated and disqualified Plaintiff from her employment in retaliation for objecting to Defendant's disparate treatment of her because of her disability.

58. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

59. When Plaintiff provided Defendant with sufficient information regarding her anxiety, bipolar disorder and panic attacks and elevated her complaints of discrimination to Defendant HR department, Plaintiff's complaints became and were considered a statutorily protected activity under the ADA.

60. After Plaintiff questioned and objected to Defendant's continued harassment and treatment of her regarding her disabilities, Defendant demoted Plaintiff and then shortly thereafter terminated her employment on February 28, 2021.

61. Defendant's February 28, 2021 termination and disqualification of Plaintiff's employment was in retaliation for her objecting to Defendant's discriminatory practices regarding her disability, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

62. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for

Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

### THIRD CAUSE OF ACTION
*(ADA – Hostile Work Environment)*

63. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

64. The ADA prohibits employers from creating a hostile work environment for qualified individuals because of their disability or for objecting to discriminatory acts.

65. Plaintiff belongs to a protected group as she suffers from bipolar, depression and anxiety disorders.

66. Plaintiff was been subject to unwelcomed harassment because of her disabilities by Defendant's employees, supervisors and managers.

67. Defendant's harassment of Plaintiff because of her disabilities was humiliating and continual in nature and which ultimately lead to her demotion and termination.

68. Any possible assertion that there was a viable business justification for the treatment of Plaintiff, is entirely *pretextual* for Defendant's hostilities against her because of her disabilities and for engaging in the statutory protective activity.

## FOURTH CAUSE OF ACTION
*(Title VII - Religious Discrimination)*

69. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 9 through 40 of this complaint with the same force and effect as if set forth herein.

70. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of her religion in violation of Title VII.

71. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Title VII, as the Defendant employed more than fifteen (15) employees.

72. Plaintiff was treated less favorably by management than her co-workers.

73. On February 28, 2021, Defendant terminated Plaintiff's employment.

74. Plaintiff's perceived religious shortcomings, her being on medication meant that God had not delivered her from her disabilities, and that implied that God could not deliver them (other employees or students) from their problems and issues, played a motivating role in her discharge.

75. Plaintiff is now suffering and will continue to suffer irreparable injury and as the result of Defendant's discriminatory acts.

76. Any possible assertion that there was a viable business justification

for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's discrimination against her for religious reasons.

77. The adverse personnel action, the termination of Plaintiff's employment, clearly violated her statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Title VII.

78. As a result of the Defendant's violations of the Title VII, Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from her unlawful discharge.

## FIFTH CAUSE OF ACTION
*(Title VII - Religious Retaliation)*

79. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 9 through 40 of this complaint with the same force and effect as if set forth herein.

80. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her religion in violation of Title VII.

81. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Title VII, as the Defendant employed more than fifteen (15) employees.

82. Plaintiff was treated less favorably than her co-workers.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and as the result of Defendant's retaliatory acts.

84. Plaintiff's perceived religious shortcomings, her being on medication meant that God had not delivered her from her disabilities, and that implied that God could not deliver them (other employees or students) from their problems and issues, played a motivating role in her discharge.

85. Plaintiff's was retaliated against for complaining about and reporting being discriminated against because of any perceived religious shortcomings, that her being on medication meant that God had not delivered her from her disabilities, and that implied that God could not deliver them (other employees or students) from their problems and issues, played a motivating role in her discharge.

86. After Plaintiff questioned and objected to Defendant's continued harassment and treatment of her regarding these religious shortcomings or issues, Defendant terminated her employment on February 28, 2021.

87. Defendant's February 28, 2021, termination and disqualification of Plaintiff's employment was in retaliation for her objecting to Defendant's discriminatory practices which constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of Title VII.

88. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

SIXTH CAUSE OF ACTION
*(Title VII - Religious Hostile Work Environment)*

89. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 9 through 40 of this complaint with the same force and effect as if set forth herein.

90. Defendant discriminated against and harassed Plaintiff in the terms and conditions of her employment on the basis of her religion in violation of Title VII.

91. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Title VII, as the Defendant employed more than fifteen (15) employees.

92. Plaintiff was harassed and treated less favorably than her co-workers because of her perceived religious shortcomings. Defendant believed that Plaintiff being on medication meant that God had not delivered her from her disabilities, and that implied that God could not deliver them (other employees or students) from their problems and issues, played a motivating role in her discharge.

93. Plaintiff's was harassed and retaliated against for complaining about

and reporting being discriminated against because of any perceived religious shortcomings, that her being on medication meant that God had not delivered her from her disabilities, and that implied that God could not deliver them (other employees or students) from their problems and issues, played a motivating role in her discharge.

94. After Plaintiff questioned and objected to Defendant's continued harassment and treatment of her regarding these religious shortcomings or issues, Defendant terminated her employment on February 28, 2021.

95. Defendant's February 28, 2021, termination and disqualification of Plaintiff's employment was in retaliation for her objecting to Defendant's discriminatory practices which constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of Title VII.

96. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the ADA and Title VII;

b) Enjoining and permanently restraining those violations of the ADA and Title VII;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and Title VII;

e) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, value of lost pension, insurance benefits, profit sharing and other benefits or compensation, plus interest thereon at the statutory rate, pursuant to the ADA and Title VII;

f) Awarding compensatory damages pursuant to the ADA and Title VII for Plaintiff's discrimination claims;

g) Granting such other relief as is and may be available under the

ADA, Title VII and interpreting case law, including such equitable relief as the Court deems just and proper in the premises for Plaintiff's ADA and Title VII retaliation claims.

h) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to ADA and Title VII;

i) Granting such other and further equitable relief as is available under either the ADA and Title VII of as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: June 13, 2022.    By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff